IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DARRELL TRISTAN ANDERSON, )
)
       Plaintiff, )
)
       v. )     1:19CV517
)
NORTH CAROLINA DEPARTMENT )
OF PUBLIC SAFETY, et al., )
)
       Defendant(s). )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1. The Complaint is not on forms prescribed for use by this Court, nor is the information requested by such forms and necessary to process the Complaint pursuant to 28 U.S.C. § 1915A contained in Plaintiff's submission. See LR 7.1(e).

2. To some extent, Plaintiff does not name proper defendants and/or fails to state proper claims for relief against some Defendants. Plaintiff must name the persons who are actually responsible for the alleged violations of his constitutional rights. Plaintiff names two prison guards, Sgt. Keegan and CO McConnell, who allegedly assaulted him. However, he also names the North Carolina Department of Public Safety as a defendant, but that is a department of the State of North Carolina, not a person. Further, to the extent that an appropriate state official could be substituted, any claim for damages against the state would be barred by sovereign immunity and the Eleventh Amendment of the United States Constitution. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (discussing sovereign immunity of states and

state officials under Eleventh Amendment). Plaintiff does seek injunctive relief, but does not seek a proper injunction given that his allegations involve only a finite occurrence at a prison where he is no longer housed. Next, Plaintiff names Albemarle Correctional Institution as a defendant, but that Institution is a building, not a person. Finally, he names three prison administrators, Kenneth E. Lassiter, Jack Clelland, and Kenneth W. Diggs, as defendants. However, he seeks to do so mainly based on their supervisory or administrative positions. Theories of *respondeat superior* or liability predicated solely on a defendant's identity as a supervisor do not exist under § 1983. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009). Plaintiff also claims that they denied his attempts at receiving administrative remedies. However, there is no substantive due process right to a prison grievance procedure. Grieveson v. Anderson, 538 F.3d 763, 772 n.3 (7th Cir. 2008) (no substantive right to a grievance procedure); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (no right to any grievance procedure or to access any procedure voluntarily created by the State). Finally, Plaintiff alleges that these Defendants failed to punish the guards involved who assaulted him. Plaintiff does not have a constitutional right to have guards punished.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 27th day of June, 2019.

                                            /s/ L. Patrick Auld
                                            **L. Patrick Auld**
                                   **United States Magistrate Judge**